WILLIAM N. GARDENER et al. *vs.* JOHN H. ODEN, Guardian, &c.

The objection to the award being read to the jury came too late; it being set out in the replication of plaintiff, and a rejoinder to it filed by the defendant, it cannot now be objected to on account of variance.

The adjudications of the courts are conflicting as to how far parties are concluded by the award of arbitrators.

The submission in this case, being of all demands and accounts arising in the partnership business between the parties, and of the disposition of the partnership property, it is clear that the lumber in dispute was included, and the testimony of the witnesses ought to have been excluded.

The object of the submission to arbitrators was to avoid litigation, and it would be a dangerous precedent to permit the defendant, on a submission which embraced the whole partnership property, and which was intended to settle every thing, to insist that a part was not embraced in the submission.

IN error from the circuit court of Kemper county; Hon. John Watts, judge.

This was an action brought by defendant in error against Gardener and Jack, the first as principal, the last as his surety on a bond given by Gardener to secure his performance of an award to be made by arbitrators, of certain matters submitted by Gardener and Oden to them. The award was made. Oden

brought suit on this bond for a breach of the award by Gardener. The latter craved *oyer*, and plead performance.   Oden replied, assigning two breaches of the bond : 1st. That by the award Gardener was to give Oden a release of all interest in certain copartnership property held by them, which he had not done; 2d. That Gardener had sued Oden for some sawed lumber, which was part of the copartnership property settled by their award. Gardener rejoined, 1st. That he did execute the release; 2d. That he has always been ready so to do; 3d. That the sawed lumber for which he sued was not copartnership property, and was not in the view of the arbitrators when they made their award. Plaintiff took issue to the first and second rejoinder, and issue in fact and demurrer to the third.

The submission is of sixty acres of land and a saw mill and the accounts thereof, to six men or a majority of them, and was made on the 9th of May, 1846.

The plaintiff then gave in proof the award made by a majority of the arbitrators; then a suit by Gardener against Oden for the sawed lumber.   D. P. McAllum then proved that the suit was brought to recover certain lumber which was part of the partnership property of Gardener and Oden, settled by the award which was made on the 9th of May, 1846, and made a rule of court; that Oden cancelled certain notes, as required by the award, and that it was worth fifty dollars to defend the suit brought by Gardener against Oden.   Defendant then offered to prove that Gardener and Oden, without consent of Jack, had named a new arbitrator; and, further, that the arbitrators in their award had not taken into view any lumber sold before the award, or any lumber on hand at the time of the award.   This proof was ruled out. Verdict for plaintiff, and the case comes by writ of error to this court.

*Guion & Baine*, for plaintiffs in error.

*D. C. Glenn*, for defendant in error.

Mr. Chief Justice Smith delivered the opinion of the court. This was a writ of error to the circuit court of Kemper.   The

action was founded on a bond given by Gardener and Jack, conditioned for the faithful performance of an award of arbitrators of certain matters to be submitted to them by the said Gardener and John H. Oden, the defendant in error. The award was made, and the suit was for the recovery of damages arising from an alleged breach of the bond.

The breaches assigned by the plaintiff were, 1st. That the defendant had not released to plaintiff the interest which he possessed in certain partnership property designated in the award. 2d. That defendant had brought an action against plaintiff for certain sawed lumber, which was part of the partnership property, and was embraced in the award of the arbitrators.

The objections urged as ground for a reversal of the judgment, refer to the ruling of the court in regard to the admission and rejection of evidence offered on the trial. 1. It is said the court erred in permitting the award to be read in evidence to the jury. It did not appear to have been made by the arbitrators named in the bond. The objection came too late. The award was set out in the replication of the plaintiff; to which the defendant rejoined, averring the performance of the same. The award, therefore, could not be objected to on the ground of variance.

2. It is contended that there was error in allowing the record of a certain suit, theretofore pending in the said court, wherein the defendant Gardener was plaintiff, and the said Oden was defendant. We are unable to perceive wherein the error complained of exists; for most assuredly a suit brought against Oden individually for the recovery of property of his wards in his possession, and which had been settled by the arbitration, might be a breach of the condition of the bond.

3. In the next place, it is objected that the testimony of Scott, Mitchell, and Boyd, was improperly rejected; they were of the arbitrators who returned the award, and their testimony was offered to prove that the lumber sued for by Gardener, in the action above referred to, was not a part of the partnership property submitted to their arbitration.

The issue before the jury upon the second breach assigned

·Gardener et al. *v.* Oden.

was, that the defendant had brought an action in violation of his bond, against the plaintiff, for the recovery of partnership property settled by the award. · Hence the admissibility of the evidence ruled out by the court, depends upon the question how far the defendant was concluded by the terms of the submission. The adjudications of the courts on this subject are conflicting. In the States of Maine, New Hampshire, Massachusetts, and, probably, in Kentucky, the award is merely conclusive of the matters actually laid before the arbitrators. Hence, in each of these States, it is competent to show by parol or other competent evidence, that the particular demand sought to be barred was not the subject of consideration by them. *Whittemore* v. *Whittemore*, 2 N. H. R. 24; *Bixby* v. *Green*, 5 Greenl. R. 192; *Webster* v. *Lee*, 5 Mass. R. 334; *Hodges* v. *Hodges*, 9 Ib. 320; *Smith* v. *Whiting*, 11 Ib. 445; *Engleman's Executor* v. *Engleman*, 1 Dana, 437.

In New York, it has been held that an award upon a submission of all demands, is conclusive of every thing constituting a demand on either side existing at the time of the submission, and evidence to show that any particular demand was not before the arbitrators, nor passed upon by them, was inadmissible. *Van Howten* v. *Wheeler*, 12 Johns. R. 311; *Dr. Long* v. *Stanton*, 9 Ib. 38; 15 Ib. 197. The rule on this subject, in England, corresponds with the decision in New York. *Smith* v. *Johnson*, 15 East, 213.

The submission in the case before us, was of all demands and accounts arising in the partnership business between the parties, and of the disposition of the partnership property. The sawed lumber, it is clear, was embraced by the terms of the submission. We think, therefore, the testimony should have been excluded. It would be unjust in this instance, if not dangerous as a precedent, to allow the defendant, on a submission which clearly embraced the whole partnership property, and which was intended to settle every thing between the parties connected with the partnership, to insist that a part of that very property was not embraced by the award; and that, too, after the terms of the award were fully complied with by the other party to it. The

33 *

object of the submission was to avoid litigation; such a precedent would encourage it.

Let the judgment be affirmed.