CASE 51—ACTION BY C. J. MOSELEY AGAINST MARY STROUD TO RE-
COVER AN INTEREST IN LAND BOUGHT AT EXECUTION SALE.—JUNE 1.

# Moseley v. Stroud.

APPEAL FROM DAVIESS CIRCUIT COURT—W. T. OWEN, CIRCUIT JUDGE

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.   AFFIRMED.

JUDGMENT OF QUARTERLY COURT—FILING CERTIFICATE IN CIRCUIT
COURT—FAILURE TO RECORD—STATUTES—EFFECT.

Civil Code of Practice, section 723, provides that, when an
execution on a judgment of the quarterly court is returned "No
property found," the judge shall, on application, furnish a certi-
fied copy of the judgment, execution, and return, which, on being
filed in the office of the clerk of the circuit court, shall be re-
corded by him in a book kept for that purpose; and that there-
upon the plaintiff shall be entitled to the same remedies as if
the judgment had been rendered in the circuit court. HELD, that
an execution may not issue from the circuit court on a judgment
of the quarterly court, though the certificate provided for has
been filed, unless it has been recorded as required by the statute.

HAYES & WELLS, ATTORNEYS FOR APPELLANT.
J. D. ATCHISON, OF COUNSEL

CLASSIFICATION AND SYNOPSIS OF BRIEF AND AUTHOR-
ITIES.

1. The issue raised by the appellee is collateral, and should
not be considered in this action.

(1) The person having or claiming an adverse interest is
neither a necessary nor a proper party to an action for the di-
vision of land held jointly.   Kentucky Civil Code of Practice,
sec. 499; McIntyre v. McIntyre, 82 Ky., 502; Beacon v. Boyd,
17 Ky. Law Rep., 1276.

(2) The only exception which has been recognized to the
above rule is that defendants, who are alleged in the petition
to be in adverse possession without payment of rent, will be
allowed to file answers and set up their ownership.   Logan v.
Catron, 19 Ky. Law Rep., 1200.

(3) The case at bar does not come within this exception.

Moseley v. Stroud.

2. Some minor questions considered:

(1) Not necessary to resort to section 1689 of the Kentucky Statutes when possession is otherwise obtained. Kentucky Statutes, sec. 1689.

(2) Proceedings under the execution in this case were in fact regular.

3. The alleged irregularities, if proven, would not have affected plaintiff's title.

(1) It is not necessary that the execution defendant be notified of the levy. Jones v. Allen, 88 Ky., 385.

(2) Irregularities in the advertising, etc., do not invalidate a sale under execution. Scott, Ex'r, v. Scott, 85 Ky., 391; Lawrence v. Speed, 2 Bibb, 202; Greer v. Wintersmith, 85 Ky., 522; Evans v. Davis, 3 B. Mon., 346; Farris v. Banton, 6 J. J. M., 237; Weber v. Cox, 6 Mon., 111.

(3) A sale made under a valid execution issuing upon a valid judgment can not be defeated by the subsequent omissions or delinquencies of the officers. Reid v. Hasley, 9 Dana, 325; Bell v. Weatherfort, 12 Bush, 508.

(4) A levy upon land can not be open to the objection that it is excessive. 8 Ency. Plead. & Prac., 503.

(5) Mere inadequacy of price is not a valid objection to an execution sale.

3. The main question considered. In the execution sale under which appellant claims every requirement of the code and statutes was fully complied with except that the circuit clerk failed to record the transcript in a book kept for that purpose. Ky. Civ. Code of Prac., sec. 723.

(1) Distinction between mandatory and directory statutes. Am. & Eng. Ency. of Law (1st Ed.), vol. —, p. —.

(2) When a final judgment *in personam* has been rendered, the recording of the judgment is not a prerequisite to a valid execution thereon. Ky. Stat., sec. 1650; Freeman on Execution, secs. 18 and 24.

(3) Likewise the recording of a transcript is not a prerequisite to a valid execution issued thereon.

(4) In the absence of any evidence, it would be presumed that the transcript, although not recorded, which has been executed, originally existed in sufficient form and substance to authorize an execution. Kleber on Void Judicial Sales, secs. 181, 184; Scott's Ex'rs v. Scott, 85 Ky., 391; Greer v. Wintersmith, 85 Ky., 522.

(5) In this case it was shown that the transcript did exist and was properly filed in the circuit clerk's office; there was therefore sufficient basis for the issuing of the execution.

Moseley v. Stroud.

4. The authorities considered:

(1) The effect of the mere failure of the circuit clerk to record a transcript of the lower court, which has been filed as the basis of an execution from the circuit clerk's office, has never been determined, so far as we can find, but somewhat similar questions have been considered. Freeman on Executions (3d Ed.), sec. 14; Carr v. Youse, 39 Mo., 346, 90 Am. Dec., 470; Coonce v. Munday, 3 Mo., 374; Burks v. Flournoy, 4 Mo., 116; Murray v. Laftem, 15 Mo., 621; Wineland v. Coonce, 5 Mo., 296, 32 Am. Dec., 320; Bigelow v. Booth, 39 Mich., 622; Campbell v. Smith, 116 Ala., 290, 67 Am. St. Rep., 114; Wooters v. Joseph, 137 Ill., 113, 31 Am. St. Rep., 355; Hobson v. McCambridge, 130 Ill., 367, 22 N. E. Rep., 823.

(2) Although none of the above-cited cases go so far as to hold an execution sale void, merely because of a failure of the circuit clerk to record a transcript as the basis of the execution (there being much more serious defects in all said cases where the sales were held to be void), Mr. Freeman thinks that even the above cases cited by him are not sound, at least when applied to any proceeding other than a motion to quash the execution. Freeman on Execution (3d Ed.), sec. 14; Jordan v. Bradshaw, 17 Ark., 106, 65 Am. Dec., 423; Webster v. Daniel, 47 Ark., 131, 14 S. W., 550; Bernhardt v. Brown, 122 N. C., 587, 65 Am. St. Rep., 728; Sasche v. Clingsmith, 97 Mo., 406, 11 S. W., 69; Perkins v. Quigley, 62 Mo., 498; Navity v. Eastridge, 67 Ind., 211.

(3) The trend of the authority, especially the later ones, is toward regarding all provisions, such as that requiring the circuit clerk to record a transcript from a lower court, as to be directory and not mandatory. The facts in this case are more similar to the cases last above cited, upholding the execution and sale, than to those holding them void.

(4) Due process of law defined. Kleber's Void Judicial and Execution Sales, sec. 37; 10 Am. & Eng. Ency. of Law, 296.

(5) The original summons from the quarterly court confers jurisdiction, not only upon the quarterly court to render judgment and issue execution, but also on the circuit clerk to issue execution upon the filing in his office of a proper transcript. "Due process of law" requires no other summons or notice. Kleber on Void Sales, sec. 434.

(6) Sales made by sheriffs have only been held to be void either where there was no judgment to sustain the execution, or where the officer exceeded his power by selling more land than was required for the satisfaction of the execution. Walker, &c. v. McKnight, 15 B. Mon., 476; Patterson v. Carneal, 3 A. K. Mar., 1380; Lawrence v. Speed, 2 Bibb, 402.

5. Void and voidable sales. distinguished.

(1) In this State, even sales where the officer exceeded his power by selling more land than was necessary, are not void, but voidable. Therefore, the defects may be waived and the owner become estopped by his conduct from successfully urging them. Daniel v. McHenry, 4 Bush, 281; Shropshire v. Pullen, 3 Bush, 515; Meeham v. Edwards, 92 Ky., 582. In this case the sale was not even void, but if it had been, any objection to it has been waived by the acquiescence of the appellee.

(2) Appellant's title good on direct attack—*a fortiori*, good on collateral attack.

(3) Although a judgment is, on filing of the transcript thereon in a court other than that of rendition, made a judgment of the latter court for the purpose of issuing process thereon, no new judgment is thereby created, and subsequent proceedings must be regarded as resting on the original judgment for most purposes. Freeman on Execution, sec. 14, p. 43 (3d Ed.).

POWERS & ANDERSON, ATTORNEYS FOR APPELLEE.

POINTS AND AUTHORITIES.

1. When a transcript of a judgment, execution and return thereon of "No property found" from an inferior court, is delivered to a circuit clerk, an execution issued thereon by the clerk before he shall have recorded said transcript as required by section 723 of the Civil Code, is void and a levy and sale under such an execution will not pass to the purchaser any title, right to, or interest in the property levied on and sold under such execution. Civil Code, secs. 722, 723; Am. & Eng. Ency. of Law (1st Ed.), p. 153; Cooley's Constitutional Limitations (6th Ed.), p. 89; Freeman on Executions, vol. 1 (2d Ed.), sec. 14; Carr v. Youse, 39 Mo., 346, 90 Am. Dec., 470; Ruby v. Ham, 39 Mo., 480; Linderman v. Edson, 25 Mo., 105; Coonce v. Munday, 3 Mo., 374; Burk v. Flourney, 4 Mo., 116; Wineland v. Coonce, 5 Mo., 296, 32 Am. Dec., 320; Freeman on Void Judicial Sales, sec. 24; Bigelow v. Booth, 39 Mich., 622; Hobson v. McCambridge, 22 N. E. R., p. 823; Freeman on Executions (2d Ed.), sec. 14; Colville v. Neal, 2 Swan, 89; Morgan v. Hannah, 11 Hum., 122; Eason v. Cummings, 11 Hum., 210; Kleber's Void Judicial Sales, sec. 277, p. 260; Trear v. Witham, 56 Iowa, 443, 9 N. W. R., 339; Balm v. Nunn, 63 Iowa, 641, 19 N. W. R., 810; Case v. Plato, 54 Iowa, 6 N. W. R., 128; Winter v. Coulthard, 94 Iowa, 312, 62 N. W. R., 732.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

Appellant brought this action under section 499 of the

Civil Code of Practice to have allotted to him an undivided one-sixth interest in a tract of 100 acres of land. He alleges in his petition that the other five-sixths interest in the land was owned and held by defendants as heirs at law of one Charles Wilhite; that he had acquired title to the one-sixth interest claimed by purchase thereof on the 16th of March, 1896, at an execution sale made by the sheriff of Daviess county under an execution which issued from the clerk's office of the Daviess circuit court on the 25th of February, 1896, in favor of Martin Yewell against the defendant Mary Stroud, who was a daughter and heir at law of Charles Wilhite; that he had paid the full amount of the purchase money, and in consideration thereof the sheriff had, by deed dated March 18, 1897, conveyed to him the interest of the defendant Mary Stroud; and prayed that this interest might be allotted to him in fee. The deed to him from the sheriff was filed as an exhibit with his petition. The appellee Mary Stroud, who was made a party defendant to appellant's suit, answered, and denied that appellant was the owner of her one undivided one-sixth interest in the land by virtue if his purchase at the execution sale, and alleged that the judgment on which the execution purports to have been issued was not recovered in the Daviess circuit court, but in the Daviess quarterly court; and that plaintiff had not filed a certified copy of the judgment obtained by him in the quarterly court, or the execution and return thereon, in the office of the clerk of the Daviess circuit court; and that no such judgment, execution, or return had ever been recorded by the clerk of the Daviess circuit court in a book kept for that purpose prior to the issual and sale of her land thereunder; and that the execution was issued without authority of law by the clerk of the Daviess circuit court, and conferred no right

or authority on the sheriff of Daviess county to levy the execution upon her interest in the property mentioned and described in plaintiff's petition; that the attempted sale was illegal and void, and passed no interest or title to the purchaser; and prayed that the sale and purchase by plaintiff be held void, and the deed to him by the sheriff canceled. Plaintiff, in his reply, admitted that the judgment in favor of Yewell against defendant was recovered in the Daviess quarterly court, but alleged that execution issued thereon from the Daviess quarterly court, which was directed to the sheriff of Daviess county, and returned by him "No property found;" that subsequently there was filed in the office of the clerk of the Daviess circuit court a copy of the judgment, execution, and return, but that they were not recorded by the clerk of the Daviess circuit court in the book kept for that purpose, and that the certified copy of the execution and return had been misplaced or lost, and could not be found among the records of the circuit court clerk's office; but denied that the omission by the clerk of the circuit court to record the judgment, execution, and return as required by section 723 of the Civil Code of Practice rendered the execution which issued thereon or the sale thereunder void. The deposition of Martin Yewell was taken by the plaintiff, and he testified that he had recovered a judgment against Mary Stroud for $25, with interest and cost in the Daviess quarterly court, on which execution was issued, and which was returned by the sheriff "No property found;" that subsequently he filed a transcript of the judgment, execution, and return in the Daviess circuit court, upon which an execution issued, which was levied by the sheriff upon the one undivided one-sixth interest of defendant in the land in controversy; that this interest was appraised at $400, and was bought by the appellant, Mose-

Moseley v. Stroud.

ley, for $33.22, the amount of the execution, sheriff's commission, and cost; and that he had subsequently been paid the full amount of his judgment by the sheriff. S. W. Bedford, the clerk of the Daviess circuit court, testified that he had made a careful examination of the records of his office for a copy of the judgment, execution, and sheriff's return taken from the quarterly court in the case of Yewell against appellee, and had found a copy of the judgment, but no copy of the execution or sheriff's return which issued from the quarterly court, and no evidence that any execution ever issued from the office of the circuit court thereon; that a transcript judgment book was kept in his office, as required by section 723 of the Civil Code of Practice, but no copy of the alleged judgment, execution, and return in favor of Yewell against defendant was ever copied therein.

Sections 722 and 723 of the Civil Code of Practice, provide:

"Section 722. Land shall not be sold, nor levied on under execution from the quarterly court, or justices' court, or any court of similar jurisdiction.

"Section 723. When an execution upon a judgment of a court mentioned in section 722 is returned by a proper officer, in whole or in part, in substance, no property found to satisfy it, the judge or justice of the court shall upon the application of the plaintiff, or his attorney, furnish a certified copy of the judgment, execution, and return, which on being filed in the office of the clerk of the circuit court of the county in which the judgment was rendered shall be recorded by him in a book kept in the office of the circuit court clerk for that purpose, and thereupon the plaintiff shall be entitled to the same remedies for the amount of his judgment and costs, including the costs of said copy and of

recording it, as if the judgment had been rendered in the circuit court."

It is conceded by appellant that section 722 of the Civil Code, and so much of section 723 as requires the filing in the office of the clerk of the circuit court of a certified copy of the judgment, execution, and sheriff's return thereon from the quarterly court, are mandatory provisions, but that so much of section 723 as requires the clerk of the circuit court to record the transcript filed in his office from the inferior court in a book kept for that purpose is purely directory; and that a failure to. do so does not deprive him. of any remedies for the enforcement of the quarterly court judgment which he would have enjoyed if the judgment had been rendered in the circuit. It seems to us that this contention is illogical, and in conflict with the plain language of the statute. It requires that plaintiff shall file a copy of the judgment, execution, and return thereon from the lower court in the office of the circuit court clerk of the county in which the judg- ment was rendered; and that, when so filed, they shall be recorded by the circuit court clerk in a book kept in his office for that purpose. There is no suggestion in the statute that the recording in the book kept for that purpose is of less consequence than the filing in the office of the transcript of the lower court. They stand upon identically the same footing. After both of these requirements have been complied with, the statute provides that the plaintiff shall be entitled to the same remedies for the collection of his judgment as if it had been rendered in the circuit court. Both, in our judgment, are conditions precedent to giving to the judgment of the lower court the effectiveness of a judg- ment of the circuit court.

Statutory prescriptions in regard to the time, form, and mode of proceeding by public functionaries are usually di-

Moseley v. Stroud.

rectory, as they usually are not of the essence of the thing to be done, but are given only to secure system, uniformity, and dispatch in the conduct of public business. "But where authority to proceed in courts is conferred by statute, and where the manner of obtaining jurisdiction is prescribed by the statute, the mode of proceeding is mandatory, and must be strictly conformed to, otherwise the proceeding will be void." 26 A. & E. Ency. of Law, 692, and authorities there cited. In Freeman on Executions (2d Ed.) section 14, the law is stated in these words: "It is not unusual for statutes to be enacted authorizing the filing with the county clerk of transcripts of judgments rendered and entered by justices of the peace, and providing that executions may issue on such transcripts in the same manner and by the same person or officer as though the judgment were rendered in the court where the transcript is filed. This does not transform the original judgment into a judgment of the higher court except for the purpose of issuing execution. . . . When the county clerk issues execution to enforce a judgment of a justice of the peace, his authority to do so rests upon the filing of the transcript and upon the existence of such other facts as the statute has prescribed, and, unless it can be shown that the law was substantially complied with, the act of the clerk is regarded as without authority, and therefore void. So there are statutes authorizing transcripts of judgments to be sent to other counties, sometimes for the purpose of making such judgments liens in the counties to which the transcripts are sent, and sometimes to authorize the issuing of execution in such counties. Where the latter is the object, the authority to issue execution depends on compliance with the provisions of the statute, and, if issued in the absence of such statutes, the execution is void."

In Kelber's Void Judicial and Execution Sales, 260, where the author is discussing the necessity for the rendering of the judgment before execution can issue, he says: "When the only evidence of judgment is embodied in the minutes or memoranda entered upon books not intended for preservation of the record of judgment, these do not constitute a judgment, and the issue and levy of an execution before the rendition of a judgment is wholly void, and the subsequent rendition of the judgment, and its entry in due form of law, will not validate the writ and the proceedings had thereunder." In Freeman on Void Judicial Sales, section 24, the author says: "In some States execution may issue by the clerk of a superior court upon transcripts of judgments of justices of the peace. The substantial performance of the various acts described by the statute with respect to the transcript and the filing thereof appear to be essential to the issuing of the writ and the maintenance of titles founded upon it."

Without reference to further authorities, we have reached the conclusion that the clerk of the Daviess circuit court had no authority in law to issue the execution until he had recorded the judgment, execution, and return of the quarterly court in the transcript book kept by him for that purpose; and that the execution issued by him conferred no authority upon the sheriff to levy and sell the property of appellee.

Judgment affirmed.