## Bishop v. Newman's Executor.

(Decided February 2, 1916.)

## Appeal from Daviess Circuit Court.

1.   Pleading—Construction.—A pleading will always be construed more strictly against the pleader.

2.   Trial.—There is no statute which authorizes a special verdict in an ordinary action.

3.   Contracts—Services of Daughter for Nursing Mother—Action to Recover.—Where a mother and daughter reside in the same family, the daughter can not recover compensation against the estate of the mother for services rendered the mother in waiting upon, caring for, nursing and personal attentions, unless the services were rendered under a contract, by which the services were to be paid for.

4.   Contracts—Services of Daughter in Nursing Mother—Action to Recover.—A contract between a mother and daughter, by the terms of which the daughter is to be paid for services rendered by the daughter in waiting upon, nursing and caring for the mother, will not be implied from the fact that the services were rendered; nor from declarations of the mother to third parties, of her gratitude to the daughter, or the purpose of the mother to make compensation, or to the effect, that the daughter ought to be paid for her services or should be paid. Such declarations are not sufficient to prove that a contract for payment for the services has been made.

5.   Wills—Gifts—Ademption.—A gift made prior to the execution of a will can not be an ademption of a devise made in the will.

LOUIS I. IGLEHEART and LITTLE & SLACK for appellant.

W. T. ELLIS and BIRKHEAD & WILSON for appellee.

Opinion of the Court by Judge Hurt—Reversing.

This suit was instituted by the appellee, W. L. Tyler, executor of the will of Francis B. Newman, deceased, against the appellant, Mrs. Monroe Bishop, to recover from her the sum of $1,300.00, which, it was alleged, was placed in her hands by the decedent to be safely kept by her and was in appellant's hands at the death of decedent, and that she now refused to account for it and had converted it to her own use and benefit; that the appellant was now indebted to the estate of the testatrix in the sum of $1,300.00 by reason of converting the money to her own use and refusing to account for it, and prayed a judgment against her for said sum. By

an amended petition, it was alleged that $1,000.00 of the money came to the testatrix from the Trice estate and that $300.00 of it came from other sources to the testatrix, and that appellant had the money in her hands at the death of testatrix and wrongfully converted it to her own use.

The appellant, by her answer, denied that the testatrix had received from any one more than $1,000.00, which sum she received from the Trice estate, or that the testatrix had placed any part of either the $1,000.00 or the additional $300.00 in her hands for safe keeping, or that at the death of testatrix any part of the $1,300.00 was in the hands of appellant, or that she had converted any part of it to her own use, or that she was indebted to the estate of testatrix in the sum of $1,300.00 or any other sum, or that she had ever promised to pay to the testatrix any part of the money. The appellant further stated in her answer that testatrix, prior to her death, expended $474.55 of the $1,000.00, which she received from the Trice estate, and filed an itemized statement, which she alleged were the things for which testatrix had expended the money, and the amount for each item, and that she had paid for the various items by the direction of the testatrix, and "that the remainder of the $1,000.00 was given to her by the testatrix." In a second paragraph the appellant alleged that the testatrix was old and feeble and lived with her and during the last ten years of her life was a confirmed invalid, needing constant care and attention, and during that period of the time the appellant waited upon her, cared for and nursed her with much care and attention and labor, and for which services the testatrix promised and agreed to pay her a reasonable compensation; that the services were reasonably worth the sum of $50.00 a month, amounting to the sum of $6,000.00, and that she had never been paid any part of it, but alleged her willingness to credit the same by the sum of $525.45, which was given to her by her mother, as alleged in paragraph one of her answer, and by the sum of $500.00, which was devised to her in the will of the testatrix, and prayed, as a counter claim, to recover the sum of $6,000.00, subject to credits above, against the appellee. By reply, the appellee denied that the testatrix had expended during her lifetime $474.55, or any part of $1,000.00, which she received from the Trice estate, and denied that she

purchased the articles or paid the amounts for them or any part of those amounts of the itemized account, which was filed with the answer, and denied that testatrix had ever promised or agreed to pay appellant for the personal attentions rendered her during the last ten years of her lifetime, and denied that any part of the sum claimed as a counter claim by appellant had been paid or satisfied, or that anything had been paid to her, except as stated in another paragraph of the reply. That paragraph alleged that the appellant was devised by the will of the testatrix the sum of $500.00, as compensation for her care and attention during the time the testatrix lived with the appellant and that appellant had procured the will to be probated and accepted the devise under the will in full satisfaction of any sum that was owing to her for services, care and attention, and was therefore estopped from making any further claim against the testatrix's estate on account of the care and attention and personal services rendered to the testatrix by the appellant, and plead the devise in the will as a full payment for all the services rendered by the appellant. The affirmative allegations of the reply were controverted, by agreement, upon the record.

A trial by jury was had and at the conclusion of all the evidence, the court, over the objection of all parties, gave to the jury three instructions, by the first of which the jury was instructed peremptorily to find that appellant had received, during the life of the testatrix, or immediately after her death, of moneys belonging to the testatrix, the sum of $525.00. By the second instruction the jury was directed to find how much money the testatrix paid out during her lifetime out of money in her hands, and to state the amount and what amount the appellant expended before the death of testatrix and out of money belonging to her, for the testatrix. The third instruction directed the jury if they believed that there was an express agreement on the part of testatrix to pay appellant for services in nursing and attentions to her, during the last five years of the life of the testatrix, then to find what would be a reasonable compensation for the services of appellant during that time and to so state in their verdict, but if they did not believe that there was an express agreement on the part of testatrix to pay for the services, then to find nothing on that account and so state in their verdict.

The appellee asked the court to instruct the jury, that although it might believe from the evidence that there was an express contract between the testatrix and the appellant, that the testatrix was to pay for the care and attention rendered to her, that the jury was not authorized to find any sum on that account in addition to the $500.00 devised to the appellant by the will of the testatrix. This instruction was objected to and the objection sustained, and properly so, for reasons hereinafter indicated.

The appellant asked the court to instruct the jury, that if it believed from the evidence that the testatrix needed care and attention during the last five years of her life, and that appellant rendered the necessary care and attention to her, and that the testatrix promised that appellant should be paid for her services, to find in favor of the appellant the reasonable value of the services, but to deduct from it such sum as appellant received from the decedent during her lifetime, and the further sum of $500.00, devised to appellant by the will. This instruction was also refused, and properly so, as will be hereinafter indicated.

The jury returned a verdict, in which it found that appellant received, during the lifetime of the decedent or immediately after her death, the sum of $525.00; and in accordance with instruction No. 2 it found that the decedent paid out $105.00, and that the appellant paid out before and after the death of decedent $475.00 out of money belonging to the decedent. In response to instruction No. 3, the jury found that the services rendered by the appellant to decedent, during the last five years of the decedent's life, were worth $525.00. After the verdicts had been returned by the jury, the court, over the objection of the appellant, transferred the case to the equity docket, and thereupon rendered a judgment to the effect that $525.00 belonging to the estate of testatrix went into the hands of the appellant, and that appellant rendered services to the testatrix to the value of $525.00, and that the appellant should retain in her hands the $525.00, which she had, but that it should be in satisfaction of her claims against the estate of the testatrix, and in full satisfaction of the $500.00 devised to her by the will of the decedent.

The appellant filed grounds for a new trial and entered her motion to set aside the verdict of the jury and judgment of the court, upon the grounds:

First—That the court had misinstructed the jury.

Second—The court refused to properly instruct the jury.

Third—Because the jury erred in the assessment of the amount of the appellant's recovery.

Fourth—Because the verdict of the jury was not sustained by sufficient evidence, and contrary to law.

Fifth—Because the court denied the motion of appellant, at the conclusion of all the evidence, to instruct the jury peremptorily to find a verdict in her favor for the sums sued for in the petition.

Sixth—Because the court erred in limiting the number of witnesses, which she was allowed to introduce, to three.

The motion for a new trial being overruled, the appellant has appealed to this court.

It is insisted that the action of the court in requiring special verdicts was unauthorized, and that is evident. The statute, which authorized special verdicts, was repealed on May 15, 1886, and since that time, in an ordinary action, there has been no law to authorize such verdicts. Amendment to Subsection 2, Section 327, Civil Code, Carroll, 1913.

For the purpose of ascertaining the rights of the parties, and to determine what should have been the action of the court, it will be necessary to examine the evidence offered upon the trial.

To sustain the averments of the petition, which were traversed, there does not seem to have been any evidence. There was evidence which tended to show that testatrix had come into posssssion of certain sums of money during her lifetime, but there is a total failure of evidence tending to show that any sums of money, of which the testatrix was the owner, was ever deposited with appellant for safe keeping, or was in her custody at the death of testatrix, or that she ever converted any of it to her use, or that any of it, in fact, ever went into her hands. But, for the admissions in her answer, the court should have directed the jury to find for appellant, as to the cause of action set out in the petition.

The appellant, however, in her answer alleged "that decedent, prior to her death, expended $474.55 of said

$1,000.00, which she received from the Trice estate, as shown by an itemized statement filed herewith and made a part hereof, marked 'Exhibit No. 1,' and that all of said items were paid for her under her directions by this defendant, and all of said expenditures were necessary for her benefit.'' Construing this averment most strongly against the pleader, it is an admission by appellant, that she had in her custody the $474.55 of the $1,000.00 mentioned in the petition, and that she had expended it under the directions of testatrix and for her benefit. The burden rests upon the appellant, after admitting the custody of this money, of which the testatrix was the owner, to show that it was expended as alleged. The averment that decedent expended it or that it was expended for decedent for the articles alleged is denied by the reply. The court should have by an appropriate instruction directed the jury to find for appellee the $474.55, or such part of it, if any, as it did not believe from the evidence was expended by appellant for decedent by the consent or direction of the decedent.

The appellant, also, in her answer alleged ''and the remainder of said $1,000.00 was given and delivered to her by said decedent, prior to her death, in part compensation for the services to her by this defendant during her last illness, or as a gift.'' This averment, while not so clear and explicit as it might have been and while the court should have had its meaning made definite, it appears to be an allegation to the effect that $545.45 of the $1,000.00 was a gift made to appellant by the testatrix on account of the care and personal services to testatrix in her last illness. This averment of a gift to appellant of the $525.45 was not denied in the reply, and hence there was no issue made thereon. It was a material allegation and constituting a complete defense to the recovery sought, to the extent of $525.45 of the sum sued for in the petition, and not being denied, for the purposes of the action, must be taken as true, and the court should have so adjudged.

The evidence offered by appellant to support her counter claim proved that she was the daughter of the testatrix, and they lived in the same house. The testatrix was very feeble for ten years preceding her death, and had need of a great deal of care and personal attention; that appellant was a very kind and dutiful daughter, and patiently and without murmuring devoted her-

self to nursing and caring for her mother, and that her services were easily worth the amount claimed; that on one occasion testatrix said: "She (testatrix) wanted her (appellant) paid for what she done for her. If I give her all of it, it won't pay her. I know she has stood by me through thick and thin." To another, the testatrix, during the same week in which she had her will written, said: "She (testatrix) had willed Mrs. Bishop $500.00 for part pay for her, and said money would not pay it, because she had been a dutiful child." Before the will was written "she (testatrix) said that she had nothing to pay her (appellant) with but her prayers. She said that she had nothing to give, but would pray for her. I asked her if she thought it worth more or less (the amount devised in the will) and she said they were all good to her; they (her children) were dutiful and kind to her." To another testatrix said: "She (testatrix) wanted her (appellant) paid." "I don't know how many times she said that to me, but she was talking to me a number of times about her financial affairs before she got this money, and afterwards, and she always said she wanted Mrs. Bishop paid." None of these declarations of the testatrix seem to have been made in the presence or to the appellant. This was the entire evidence offered, in the effort to prove a contract between appellant and testatrix, by which an agreement was made, under which the appellant was to be paid for her services to testatrix. The services alleged in the counter claim were waiting upon, caring for and nursing her for the last ten years of her life. There was no plea of the statute of limitation, but the court, without objection, confined the proof to services rendered during the last five years of the life of testatrix. This action of the court was not excepted to and was not prejudicial, as will hereafter appear.

Complaint is made by appellant that the court erred to her prejudice in refusing to allow her to introduce three witnesses, which she had in court, upon the ground of exercising the discretion of the court in limiting the number of witnesses to three to any one point. There was no objection or exception taken to this action of the court, and hence is not here for review. Besides, the avowal, as to what the witnesses would testify, is, that they would testify to the same facts as were proven by the other witnesses who were examined by appellant.

The answer and counter claim alleged an express contract between appellant and decedent for the payment for the services rendered. It has no allegations of an implied contract to the effect, that the services were rendered by appellant under an expectation, at the time of charging testatrix for same and of receiving pay therefor, and that testatrix received the services with the expectation of paying therefor. In this case, nothing less than proof of an express contract will support the allegations of the answer. Price v. Price's Extx., 101 Ky., 28; Newton's Extr. v. Field, 17 R., 769.

Where a mother and her daughter reside in the same house, and live as members of the same family, the services rendered by the daughter for the mother, in the way of care, nursing and personal attentions, are presumed to be gratuitous, and the law does not raise any contract to pay for the services. The daughter, before she can recover, must show by evidence, that the services were rendered under a contract, by which the services were to be paid for. Perry v. Perry, 2 Duv., 312; Conover v. Conover, 1 R., 398; Reynolds' Admr. v. Reynolds, 92 Ky., 556; Frailey's Admr. v. Thompson, et al., 49 S. W., 13; Wayman v. Wayman, 22 S. W., 557; Heck v. Heck, 10 R., 281; Jones v. Weaver, 6 R., 665; Conway v. Conway, 130 Ky., 218; Terry v. Warder, 25 R., 1486; Green's Extr. v. Green, 82 S. W., 1011; Wallace v. Deney, 90 S. W., 1046; Foley v. Dillon, 105 S. W., 461; Engleman v. Engleman, 1 Dana, 438. A contract to pay for such services will not be implied from the fact that the services were rendered; nor will proof of the statements by the parent to other persons indicating her gratitude to the daughter, or statements indicating the purpose of the parent to make compensation, or to the effect that the daughter ought to be paid for her services, or should be paid, or her desire that the daughter should be paid, are not sufficient to prove that a contract for the payment for the services has been made and exists. The reason for the rule requiring clear proof of the existence of a contract to pay children for services of the character above described, before recovery can be had for them, is based upon the presumption, that they are gratuitous; that the parties reside together for their mutual advantage; that it is the duty of the child to care for his aged and infirm parent, and, if a more liberal rule should be allowed, it would result, after the death of a parent, in a contest be-

tween his children as to which one had rendered more services for the parent, and therefore should receive a larger portion of his estate. In this case, there was no proof of any contract, except the declarations of the testatrix set out above herein, and the fact that the services were rendered, which are insufficient to support the claim of a contract for the payment of them. Hence, there was no evidence which authorized the court to submit to the jury the issue as to whether or not a contract existed between appellant and testatrix for the payment of compensation for the services claimed in the counter claim, and the verdict of the jury upon that issue was without any evidence to support it.

The paragraph of the reply, which alleged that testatrix had executed a will, by which she had devised $500.00 to appellant for compensation to appellant for her care and attentions to her during the time she had lived with appellant, and that appellant had procured the will to be probated and had accepted the devise in satisfaction of any sum which testatrix owed her for care and attention to her, and by reason of procuring the will to be probated, which devised to her the $500.00 in satisfaction of her services claimed in her counter claim, she is estopped from making any further claim against the estate of testatrix for such services, was controverted upon the record. There was not any evidence offered, which tended to prove that appellant had procured the will to be probated, or had accepted any of its provisions. The extent of the proof was, that she was in the court room when the will was probated, but the evidence failed to show that she was a party to the proceeding, or even so much as knew what was being done.

The paragraph of the reply, supra, however, was only plead as a defense to appellant's claim for services asserted in her counter claim, and appellant having entirely failed to manifest her right to recover anything under such counter claim, the paragraph of the reply pleading the devise in the will as a defense to the claim for compensation under the alleged contract, had no further duty to perform and had no further place in the action. The appellant was not seeking to recover, in the action, the devise made to her under the will, and the devise in the will could not be used as a defense to appellant's claim of the gift to her of the $525.45, and was not so offered or used. There is nothing in the record

to indicate whether the gift of the $525.45 was made before or after the execution of the will. If the gift was made before the execution of the will, its execution and probate could have. no effect upon the validity 'of the gift; and if the gift was made after the execution of the will, the effect which the gift and. its acceptance will have upon appellant's right to have paid to her the devise under the will, is a question not now before us and is not determined. It can not now be known whether appellant will seek to recover the $500.00 devised to her by the will or not. Hence, the court was in error when it adjudged that the gift was an ademption of the devise in the will.

The action was an ordinary one and the issues were all legal and not equitable ones. There was but one question for the jury, and that was as indicated, above. There was no reason to transfer the cause to the equity docket.

For the reasons indicated, the judgment is reversed, and the cause remanded with directions to proceed in conformity with this opinion.