### Ison's Admr. v. Cornett, et al.

(Decided November 2, 1917.)

Appeal from Letcher Circuit Court.

1. Appeal and Error—Error in Sustaining Objection to Evidence—Absence of Avowal.—Where a witness was asked a competent question to which the trial court sustained an objection and excluded the answer, the error cannot be taken advantage of in the absence of an avowal as to what the witness would have said had he been permitted to answer the question.

2. Appeal and Error—Review of Former Judgment—Absence of Pleading and Proof.—In the absence of pleadings and proof showing what a former case decided concerning a deed, the court cannot

undertake to say what the former judgment relied on actually decided.

3. Appeal and Error—Presumption as to Performance of Duty by Clerk.—In the absence of proof that a circuit court clerk did not properly perform his duty, it will be presumed that he did properly perform it, and this presumption will be indulged until the contrary appears.

4. Appeal and Error—Instructions—Refusal.—Where instructions offered by the appellant are not in the bill of exceptions it will be presumed that they were properly refused.

D. D. FIELDS, D. I. DAY and WOOTTON & MORGAN for appellant.

DISHMAN, TINSLEY & DISHMAN for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

W. W. and R. N. Cornett instituted this action against Gideon Ison's personal representative and others to recover $263.00, the value of eighty-one poplar and ash trees, which the defendants had cut upon a tract of land belonging to the plaintiffs. The answer traversed the allegations of the petition, including Cornett's ownership to the land; and, the trial having resulted in a verdict and judgment for the plaintiffs in the amount claimed in the petition, the defendants appealed.

The appellants contend that the trial court made three substantial errors: (1) In excluding certain evidence offered by the defendants; (2) in overruling the defendants' motion for a peremptory instruction to the jury to find for them; and (3) in instructing the jury.

In order to fully comprehend the grounds of reversal it becomes necessary to state Cornett's chain of title to the land in question. The Commonwealth by a patent issued in 1846 conveyed to Eli Hall 2,500 acres of land, including the tract in controversy. In 1882 Eli Hall conveyed the tract to Joseph Hall; and, in 1898, the sheriff, in behalf of Joseph Hall, conveyed the land in question to the Cornetts. Ison contends that the deed from Eli Hall to Joseph Hall in 1882 had been superseded and cancelled by a subsequent deed from Eli to Joseph Hall, in 1885; that Joseph took only a life estate under the deed of 1885, with remainder to his children; and, that Joseph being dead the interest that he acquired from Eli has ceased, and that Cornett's chain of title was, for that reason, broken.

1. The first error relied upon for a reversal was the refusal of the court to permit appellants to prove that the deed of 1885 had been given in lieu of the deed in 1882. An examination of the proof shows, however, that the appellants not only failed to show that fact, but that they did not successfully offer to show that the deed of 1885 was given in lieu of the deed in 1882. When the witness Frazier was asked if the deed of 1885 from Eli to Joseph Hall was made in lieu of the deed of 1882, the plaintiffs objected and their objection was overruled; but the witness did not answer the question. When the witness was again asked the same question and the objection thereto was sustained, there was no avowal as to what answer the witness would have given if he had been allowed to answer the question.

Furthermore, there is no evidence in the record tending to show that the deed of 1885 embraced any portion of the land covered by the deed of 1882, under which the Cornetts derived their title. Under this state of the record we cannot say that the trial court erred in this respect.

2. The appellants insist in their brief, however, that this court, in the case of Hall v. Wright, 137 Ky. 39, decided that the deed of 1885 cancelled the deed of 1882, and that by the substituted deed of 1885 Joseph Hall took only a life estate, with remainder to. his children. The court must, however, try this case upon the record before it; and, as those facts were not made to appear in this case, we cannot assume in the absence of allegation and proof that the deed construed in Hall v. Wright, *supra,* was the same deed we have before us.

Assuming that the deed of 1885 superseded the deed of 1882 appellants insist that their motion for a peremptory instruction to the jury to find for them should have been sustained because the Cornetts had thus failed in their proof of title. This ground, however, erroneously assumes that the deed of 1885 superseded the deed of 1882, and is but a corrollary of the preceding unsustained proposition.

3. The sheriff's deed which conveyed the title of Joseph Hall to the Cornetts, in 1898, was based upon a sale under an execution issued from the circuit court clerk's office. The original judgment had been found against Joseph Hall in the Letcher quarterly court, upon which an execution had issued and had been returned "no property found." Thereupon, as provided by law,

the plaintiff in the execution filed a transcript of the judgment, execution, and the return thereon in the office of the clerk of the Letcher circuit court and caused an execution to be issued by that officer and levied upon the land in controversy, which, after due advertisement, was sold to the Cornetts. The sheriff made them a deed accordingly.

The appellants insist, however, that in order for the sheriff's deed to pass a valid title it was necessary for the Cornetts to show that the quarterly court record had been filed and recorded in the office of the clerk of the Letcher circuit court before the execution was issued thereon by that officer; that upon their failure to show those facts the sheriff's sale and deed were void under the authority of Mosely v. Stroud, 118 Ky. 413, and that the court should have so instructed the jury. We do not, however, so understand the record.

In Mosely v. Stroud, *supra*, it affirmatively appeared that the execution had been issued by the circuit court clerk without a transcript, execution, or return from the quarterly court having been filed in the circuit court clerk's office and for that reason it was held that the sale was void. But here no question is made by the appellants that the quarterly court transcript was filed and recorded in the office of the clerk of the Letcher circuit court. It is so recorded; and, the book kept in the circuit court clerk's office for that purpose was introduced in evidence. But because there is no certificate of the circuit court clerk showing when said transcript was recorded in his office, appellants contend that it was the duty of the appellees to show that the execution which issued from the office of the circuit court clerk was, in fact, issued subsequently to the filing of the transcript. We do not understand this to be the rule.

When it appeared that the quarterly court transcript had been filed and duly recorded in the circuit court clerk's office the presumption was properly indulged that it was so filed and recorded before the execution issued thereon. In the absence of proof showing that the clerk did not properly perform his duty in this respect it will be presumed that he did so perform it by filing the transcript before he issued the execution, and this presumption will be indulged until the contrary appears. Hegan v. City of Louisville, 32 Ky. L. R. 1082, 107 S. W. 809; Brown v. Brown, 157 Ky. 804.

4. The instructions offered by appellants are not in the bill of exceptions because they were lost before the bill was made up. That, however, is the misfortune of the appellants. If they had desired to revise the court's action in refusing those instructions they should have supplied the instructions in the manner provided by law. In that way we could have had the benefit of the text of the instructions. In their absence, however, we cannot say what they contained; on the contrary, it will be presumed that they were properly refused.

Judgment affirmed.