## Nicely, Administrator of H. G. Howard v. Mary E. Howard.

(Decided June 16, 1922.)

### Appeal from Rockcastle Circuit Court.

1. Husband and Wife—Illicit Relations—Services—Contracts.—Where persons live together as husband and wife and the parties have knowledge of the illicit relationship, there can be no recovery by one for services performed for the other even though there be an express contract for that purpose; but where the marriage was void but the parties believed it to be legal, there can be a recovery for services but only under an express contract, since an implied contract for payment will not arise from such relationship.

2. Executors and Administrators—Services—Implied Contracts.—Where persons, for their mutual benefit and convenience live together as members of one common household, there will be no implied contract for the payment of services by one to the other,

and this is especially true where relationship exists between the parties of affinity or consanguinity, but if there was an agreement in such cases to pay for the services and the one rendering them expected remuneration, a recovery may be had.

3.    Husband and Wife—Incestuous Marriage—Services.—A daughter-in-law with her infant children, after the death of her husband, removed to the home of her father-in-law where they lived together as members of one family for two or three years after which she and her father-in-law were married and they lived together as husband and wife for about ten years thereafter. Held, that the marriage, under section 2096 of the statutes, was incestuous and void and that although the wife in good faith believed she was legally married, she was not entitled to a distributive share in her husband's estate as widow, nor could she recover from her husband's estate for the value of services performed in the household, nor could she recover in the absence of a contract even without the marriage, since the facts show not only a relationship by consanguinity as to the wife but one of affinity as to her children, and that the parties were members of one household for the mutual convenience of all

C. C. WILLIAMS for appellant.

No brief for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Sustaining the motion for an appeal and reversing the judgment.

Appellee Mary E. Howard, as plaintiff below, filed this action against defendant and appellant, T. J. Nicely, administrator of H. G. Howard, deceased, seeking a judgment against the decedent's estate in the sum of $1,-070.00 for services, which were not barred by limitations, alleged to have been rendered the decedent under an agreement between him and plaintiff whereby she was to be paid the value thereof. The answer denied the services as well as the alleged agreement to pay therefor. An amended answer, set-off and counterclaim sought judgment against plaintiff for $1,160.00 for the wrongful conversion of named articles of personal property belonging to the decedent and which it is alleged plaintiff without right appropriated and converted to her use after his death. Composing a part of the counterclaim and set-off pleaded therein was an item of $375.00 for use and occupation of the farm of decedent for a period of three years after his death, being $125.00 per year, and another one for $400.00 alleged to be the value of timber which plaintiff wrongfully cut, sold and removed from the land

after his death. A second amended answer averred that plaintiff was the widow of a deceased son of H. G. Howard, who died some two or three years prior to 1907, and he left surviving him his widow, the plaintiff, and four infant children; that afterwards plaintiff with her children (except those sent to the orphan asylum at Louisville) moved into the home of her father-in-law, and kept house for him, and they all lived together for their mutual convenience and as one family till his death, which occurred in 1917, and that plaintiff and her father-in-law, during that time, sustained illicit relations with each other, which constituted a part at least of the consideration for the joint occupancy of the father-in-law's home. It was also alleged in the same pleading that the value of a home and support for plaintiff and her infant children, which were furnished by decedent, was more than the value of the services for which plaintiff sought a recovery.

In an amended petition, filed over the objections of defendant, it was alleged that at the time of the performance of the labor and rendering of the services sued for, plaintiff believed that she was the lawful wife of the deceased, H. G. Howard, and that the work was done at his instance and request and was necessary for his health and comfort and that he had no other living wife at that time. Appropriate pleadings made the issues and upon trial before a jury there was a verdict in favor of plaintiff for the sum of $350.00, upon which the court rendered judgment after overruling defendant's motion for a new trial, and he has filed the transcript in this court with a motion for an appeal.

Defendant seems to have entirely abandoned his counterclaim, since his counsel makes no complaint of any action of the court with reference thereto, accepting as correct the instruction to the jury submitting it and no attack on the judgment disallowing it is made in this court. These facts, together with the practice pursued of making a motion for an appeal, convinces us that all contentions growing out of the counterclaim are abandoned. However, it might not be amiss to say that neither the item of $375.00 for rent of the farm after decedent's death, nor that of $400.00 for waste committed after his death are recoverable by the personal representative and are not therefore proper items of counterclaim by him in this action, since the action to recover

each of them, if any, vested in the heirs of decedent and not in plaintiff as his personal representative.

It developed on the trial that after the death of plaintiff's husband, which occurred prior to 1907, she, with as many as two or three of her infant children, moved to the home of her father-in-law and assumed the duties of housekeeper for him, and the two, with plaintiff's children, occupied the home together as one family. On January 3, 1907, plaintiff and decedent procured from the county court clerk of Lincoln county a license to marry, and four days thereafter they went through the form of marriage in accordance therewith before a minister of the gospel of that county possessing the authority to solemnize marriage and thereafter they. lived together as husband and wife until the death of H. G. Howard. That pretended marriage, under the express provisions of section 2096 of the Kentucky Statutes, was incestuous and void. After that time all the services for which plaintiff seeks a recovery were performed, and, according to her testimony, which was admitted over defendant's objection, there was no contract or agreement to compensate her therefor nor did she expect any compensation, since both she and decedent believed that she was his wife and the services claimed for were performed as such.

While some courts hold to the contrary, the great weight of authority is that there can be no recovery for services under such circumstances. McDonald v. Fleming, 12 B. Mon. 285; Sackstaeder v. Kast, Executor, 31 Ky. L. R. 1304; Cooper v. Cooper, 147 Mass. 370, 9 Am. St. Rep. 721; Schmidtt v. Schneider, 109 Ga. 628; Cropsey v. Sweeney, 27 Barbour's Supreme Court Reports 314; Disbrow v. Durand, 54 N. J. Law 333; Ogden v. McHugh, 167 Mass. 276, 57 Am. St. Rep. 456; Payne v. Commissioners, 65 Conn. 397; 2 Elliott on Contracts, 1366; Avit v. Smith, 120 N. C. 149; 2 Page on Contracts 777; Dotson v. McAdams, 96 N. C. 149; Dunn v. Curry, 141 N. C. 123; Graham v. Stratton, 177 Mass. 321; Sanders v. Ragan, 1917B L. R. A. 681 (annotations on page 683); Emerson v. Botkin, 29 L. R. A. (N. S.) 786, and many other cases cited in the annotation thereto.

In many of the cases referred to the parties conscientiously believed that they were lawfully married, when as a mater of fact one or the other of them had a living spouse from which he or she had not been divorced

and it was held that no recovery for services rendered under the circumstances could be had; however, in such cases the better doctrine is that a recovery could be had upon an express contract to pay for them, but not even an express contract will permit a recovery where the parties *knew* of the illegality of their relationship. The reason for disallowing a recovery upon an implied contract where the parties believed the marriage legal, but in fact it was void, is thus stated in the note to the Emerson case, *supra*: "The reason for this view is that it can not be presumed that the domestic and household work and services of a wife for a husband are performed with the view to receive pay as a servant or laborer."

The language of the court in the cited Cooper case is: "But the fact that the plaintiff was led by mistake or deceit into assuming the relation of a wife has no tendency to show that she did not act in that relation; and the fact that she believed herself to be a wife excludes the inference that the society and assistance of a wife which she gave to her supposed husband were for hire. It shows that her intention in keeping his house was to act as a wife and mistress of a family, and not as a hired servant." Many of the other cited cases hold to the same view, which we think is in accord with the fundamental principles of the law allowing one person to recover property of another.

Independently, however, of this phase of the case, plaintiff was at least a daughter-in-law of the deceased, H. G. Howard, and under the evidence there can be no doubt but that their living together as one family was for their mutual convenience and benefit. Under such circumstances it has been held by this court without exception in a long list of cases that there can be no recovery for services rendered by one of the created family to another one in the absence of an express contract therefor. Oliver, Gdn. v. Gardner, 192 Ky. 89; Armstrong v. Shannon, 177 Ky. 547; Turner v. Young's Executor, 155 Ky. 607; Bolling v. Bolling's Admr., 146 Ky. 316; Allen v. Allen, 158 Ky. 760; Bishop v. Newman's Executor, 168 Ky. 245; Price v. Price's Executor, 101 Ky. 33, and many other cases referred to in those opinions.

In the later Oliver case the rule, as administered by this court, is thus stated: "Coming now to the law of the case, the rule is firmly established, perhaps without

exception, that where parties occupy towards each other a family or domestic relationship and where they occupy the same home and render mutual services for the benefit of all there will be no implied contract raised in favor of any of them as against any of the others for compensation for such services. This rule not only applies to blood relatives but it likewise includes step-parents and stepchildren and other strangers in blood who occupy a family or domestic relationship toward each other. For an extensive discussion of the question in all of its phases we refer to the annotations to the case of Hodge v. Hodge, 11 L. R. A. (N. S.) 873, in which a great number of cases, both domestic and foreign, are classified, referred to and exhaustively considered, among which are Reynolds v. Reynolds, 92 Ky. 556; Turner v. Turner, 18 Ky. L. R. 822; Gallaway v. Gallaway, 24 Ky. L. R. 857, and Terry v. Warder, 25 Ky. L. R. 1486. Other cases from this court are Bolling v. Bolling, 146 Ky. 316; Bishop v. Newman, 168 Ky. 238, and Armstrong v. Shannon, 177 Ky. 547. In such cases the law presumes the services claimed for were gratuitously rendered, and especially so where near blood relationship exists; and they will also be presumed to be so rendered where there exists no blood relationship upon the idea that the parties sustained to each other family or domestic relations analogous to that existing between partners in a partnership.''

Under that rule if plaintiff and her children were entire strangers in blood, or sustained no relationship of any character to the decedent, H. G. Howard, there could be no recovery under the facts of this case in the absence of an express contract therefor. No such contract is proven or attempted to be proven, and since plaintiff's attempted marriage with the deceased was void and can not on that account strengthen her case, as we have seen, the court should have directed the jury as requested by defendant to return a verdict in his favor, and because of its failure to do so the motion to grant the appeal is sustained and the appeal is granted and the judgment is reversed with directions to sustain the motion for a new trial and for proceedings consistent with this opinion.